

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-21-00190-CV

---

IN THE INTEREST OF F.H. AND I.H., CHILDREN

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. P2020008

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

The Texas Department of Family and Protective Services (Department) filed a petition to terminate the parent–child relationships between S.B. (Mother) and R.H. (Father) and their children F.H. and I.H.[1]  After conducting a final hearing, the trial court granted the petition, terminating Father's and Mother's parental rights under Family Code Section 161.001(b) based on, among other grounds, endangerment and the children's best interests.  *See* Tex. Fam. Code Ann. § 161.001(b)(1)–(2).  The trial court awarded permanent managing conservatorship of both children to the Department.  Mother timely appealed from the trial court's order of termination.[2]

Mother's appointed appellate counsel has filed a brief asserting that her appeal is frivolous.  *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases).  The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.  Mother was provided with the opportunity to obtain a copy of the appellate record

---

[1]In a termination-of-parental-rights case, we use aliases for the names of the children and their parents.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]Father did not appeal the trial court's termination of his parental rights.

and to file a pro se response, and she did so, but her pro se response presents no arguable appellate grounds. The Department has declined to file a response.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief, Mother's pro se response, and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating Mother's parental rights to F.H. and I.H.

---

[3]Mother's counsel set out five potential issues in the *Anders* brief, challenging the trial court's judgment terminating her parental rights under the endangering-environment, court-order, and best-interest grounds, *see* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (O), (2), and raising ineffective assistance of counsel and denial of a jury trial. Mother's pro se response included these last two issues, as well as sufficiency-of-the-evidence and jurisdictional complaints. After a full review of these potential issues and the record, we agree with counsel that there is no arguable basis on which to reverse the trial court's judgment.

Counsel filed a motion to withdraw, but the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016. *See* Tex. Fam. Code Ann. § 107.016; *P.M.*, 520 S.W.3d at 27.

/s/ Dana Womack

Dana Womack
Justice

Delivered: November 10, 2021